UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

OBA OLDUMARE
MUGABE ELOHIM
F/K/A ANTOINE FORD

_____/

Case No.: 21-50247

Paul D. Borman
United States District Judge

Elizabeth A. Stafford
United States Magistrate Judge

**ORDER ADOPTING MAGISTRATE JUDGE STAFFORD'S OCTOBER 6, 2021 REPORT AND RECOMMENDATION TO *SUA SPONTE* DISMISS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

**INTRODUCTION**

On February 10, 2021, pro se Plaintiff Oba El Olodumare Mugabe Montsho Omorede filed a "Bill in Equity" seeking to enforce claims against Fidelity Investments. (ECF No. 1). On October 6, 2021, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation to *sua sponte* dismiss Plaintiff's case. (ECF No. 7). On October 28, this Court entered Plaintiff's Objections to the Report, which he mailed to the Court, and which were dated October 21. (ECF No. 8). In these Objections, Plaintiff states that he received the Report on October 11. (ECF No. 8, PageID 147). Whether or not these Objections count as timely, the Court will consider them here. *See Lott v. Comm'r Soc. Sec.*, 2021 WL 4472786, at *1 n.1 (E.D. Mich. Sept. 30, 2021) ("The deadline for filing objections is not jurisdictional."). For the reasons that follow, Plaintiff's Objections are **OVERRULED**.

## I.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015)

(citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)).

## II. ANALYSIS

**Objection 1**

Plaintiff objects to the case caption of Judge Stafford's Report. (ECF No. 8, Objections, PageID 147–48). The Court overrules this objection because Judge Stafford's caption included the proper case number and the party name listed on the Court's ECF filing system, and because this objection has no bearing on Judge Stafford's Recommendation, which applies to Plaintiff's case.

**Objection 2**

Plaintiff objects to the spelling of his name. (PageID 148). The Court overrules this objection because it has no bearing on Judge Stafford's Recommendation as to the disposition of this case. The Court has attempted above to refer to Plaintiff by the name he requests in this objection.

**Objection 3**

Plaintiff objects to the characterization of the attachments to his "Bill in Equity" as "nonsensical." (PageID 148–49). The Court overrules this objection because it finds that Judge Stafford's Report accurately characterized the attachments.

**Objection 4**

Plaintiff objects to the fact that the Clerk of Court never issued a summons in this case. (PageID 149–50). The Court overrules this objection because it has no bearing on Judge Stafford's Recommendation.

**Objection 5**

Plaintiff objects to the conclusion that he did not pled facts sufficient to show that the Court has jurisdiction over his case. (PageID 150–52). Specifically, Plaintiff asserts that the Court has jurisdiction over his case because it involves: the Judicature Act of 1873; the Debt Relief Act of 1793; the Trading with the Enemy Act of 1917; the 14th Amendment of the United States Constitution; House Joint Resolution 192; federal admiralty laws; the Universal Postal Union; and a three billion dollar international bill of exchange. (PageID 151–52). The Court overrules this objection because, as Judge Stafford's Report accurately explained, Plaintiff has not pled a logical or plausible connection to any causes of action under these laws and agreements.

**Objection 6**

Plaintiff objects to the assertion that "[t]he number 01-08438 refers to the State of Michigan's Criminal Judgment against Elohim," rather than to a judgment against "Antoine D. Ford # 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." (PageID 152). The Court overrules this objection because it has no bearing on Judge Stafford's Recommendation.

**Objection 7**

Plaintiff objects to "Magistrate not recommending immediate habeas corpus relief; invocation of Article 31 of 1961 Vienna Convention; Declaratory ruling as to [Plaintiff]'s Diplomatic Status; injunctive relief to prevent irreparable injury and to secure settled international rights and to secure settled international rights and reparations for all loss, damage and injury suffered by [Plaintiff]." (PageID 153). The Court overrules this objection because it does not explain why the requested actions were warranted and does not state a plausible claim for relief.

## CONCLUSION

For the reasons listed above, the Court **ORDERS** that: (1) Magistrate Judge Stafford's October 6, 2021 Report and Recommendation (ECF No. 7) is **ADOPTED**; and (2) this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: October 29, 2021

s/Paul D. Borman
Paul D. Borman
United States District Judge